# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
# CRIMINAL DOCKET FOR CASE #: <u>4:24−mj−00444</u>−1
# *Internal Use Only*

Case title: USA v. Mohsini                    Date Filed: 10/07/2024

Other court case number:  24−cr−10189 District of
                          Massachusetts, Boston

Assigned to: Magistrate Judge
Andrew M Edison

## <u>Defendant (1)</u>

**Haroon Mohsini**                 represented by   **Federal Public Defender − Houston**
*also known as*                                     440 Louisiana
AaronSaitama                                        Ste 1350
*also known as*                                     Houston, TX 77002
Elonmansur                                          713−718−4600
                                                    Fax: 713−718−4610
                                                    Email: hou_ecf@fd.org
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*
                                                    *Designation: Public Defender or Community*
                                                    *Defender Appointment*

## <u>Pending Counts</u>                          <u>Disposition</u>

None

## <u>Highest Offense Level (Opening)</u>

None

## <u>Terminated Counts</u>                       <u>Disposition</u>

None

## <u>Highest Offense Level</u>
## <u>(Terminated)</u>

None

## <u>Complaints</u>                              <u>Disposition</u>

8 U.S.C. § 371 − Conspiracy to
Commit Market Manipulation,
Conduct an Unlicensed Money
Transmitting Business, and

Commit Wire Fraud, 15 U.S.C. §§
78i(a)(2) and 78ff(a) − Market
Manipulation, 18 U.S.C. § 1343 −
Wire Fraud

**Plaintiff**

**USA**

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2024 | 1 | Sealed Indictment from District of Massachusetts, Boston as to Haroon Mohsini, filed. (glk4) (Entered: 10/07/2024) |
| 10/07/2024 | | Arrest (Rule 40) of Haroon Mohsini, filed. (glk4) (Entered: 10/07/2024) |
| 10/07/2024 | 2 | Arrest Warrant issued 9/19/2024; Returned Executed on 10/7/2024 as to Haroon Mohsini.. Document restricted from PACER under privacy policy., filed. (glk4) (Entered: 10/07/2024) |
| 10/07/2024 | | ***Set/Reset Hearings as to Haroon Mohsini: Initial Appearance − Rule 40 set for 10/7/2024 at 02:00 PM in Courtroom 702 before Magistrate Judge Andrew M Edison (glk4) (Entered: 10/07/2024) |
| 10/07/2024 | 3 | Copy of Order from District of Massachusetts Granting Limited Unsealing of Case to Provide Documents to Defendant as to Haroon Mohsini, filed. (glk4) (Entered: 10/07/2024) |
| 10/07/2024 | | Arrest of Haroon Mohsini, filed. (rrc3) (Entered: 10/07/2024) |
| 10/07/2024 | | INITIAL APPEARANCE IN RULE 5(c)(3) Minute Entry for proceedings held on 10/7/2024 before Magistrate Judge Andrew M Edison as to Haroon Mohsini. Defendant first appearance on Indictment from the Massachusetts District Court 24−cr−10189 and advised of rights/charges. Defendant requests appointed counsel, Financial affidavit executed, Defendant appeared with counsel. Order appointing FPD for limited purpose, Bond set, 75,000./unsecured/surety signature, Defendant advised of conditions of release, Waiver of Identity executed on the record, Defendant on bond to appear in originating district Massachusetts District Court, Boston Division for hearing set on at,, 1 Courthouse Way, Boston, MA 02210. Rule 5(f) order orally given. Rule 5(f) written order to be entered. Parties consented to appear by video on record. Appearances: AUSA Charmaine Holder for USA; AFPD Heather Hughes for Defendant.(ERO:Yes) (Interpreter: No) Bond executed and deft to be released, filed. (rrc3) (Entered: 10/07/2024) |
| 10/07/2024 | 4 | Sealed Financial Affidavit CJA 23 by Haroon Mohsini, filed. (Entered: 10/07/2024) |
| 10/07/2024 | 5 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Haroon Mohsini FOR LIMITED PURPOSE. (Signed by Magistrate Judge Andrew M Edison) Parties notified. (rrc3) (Entered: 10/07/2024) |
| 10/07/2024 | 6 | BRADY ORDER on Rule 5(f) as to Haroon Mohsini. (Signed by Magistrate Judge Andrew M Edison) Parties notified. (rrc3) (Entered: 10/07/2024) |
| 10/07/2024 | 7 | ORDER for Defendant to Appear in the District Where Charges Are Pending and |

| | | |
|---|---|---|
| | | Transferring Bail as to Haroon Mohsini. The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending. Charging District: Massachusetts District Court, Boston Division, 24−cr−10189. ( Signed by Magistrate Judge Andrew M Edison) Parties notified. (rrc3) (Entered: 10/07/2024) |
| 10/07/2024 | 9 | Appearance Bond Entered as to Haroon Mohsini in amount of $ 75,000., unsecured, w/co−signer., filed. (rrc3) (Entered: 10/18/2024) |
| 10/07/2024 | 10 | ORDER Setting Conditions of Release as to Haroon Mohsini. ( Signed by Magistrate Judge Andrew M Edison) (Attachments: # 1 Unredacted attachment) Parties notified. (rrc3) (Entered: 10/18/2024) |
| 10/08/2024 | 8 | Pretrial Services Report (Sealed) as to Haroon Mohsini, filed. (Entered: 10/08/2024) |

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

United States Courts
Southern District of Texas
FILED

*October 07, 2024*

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No.   24cr10189 |
| v. | ) Violations: **4:24-mj-444** |
| (1) MANPREET KOHLI,<br>     a/k/a "Mkay Saitama" or "mannythehitman", | ) <u>Count One:</u><br>) Conspiracy to Commit Market Manipulation,<br>) Conduct an Unlicensed Money Transmitting<br>) Business, and Commit Wire Fraud<br>) (18 U.S.C. § 371) |
| (2) NAM TRAN,<br>     a/k/a "Ntran1234", and | ) |
| (3) HAROON MOHSINI,<br>     a/k/a "AaronSaitama" or "Elonmansur", | ) <u>Counts Two – Four:</u><br>) Market Manipulation<br>) (15 U.S.C. §§ 78i(a)(2) and 78ff(a)) |
| Defendants | ) <u>Counts Five – Seven:</u><br>) Wire Fraud<br>) (18 U.S.C. § 1343) |
| | ) <u>Forfeiture Allegation:</u><br>) (18 U.S.C. § 981(a)(1)(C) and<br>) 28 U.S.C. § 2461) |
| | ) Unlicensed Money Transmitting<br>) <u>Forfeiture Allegation:</u><br>) (18 U.S.C. § 982(a)(1)) |

## SUPERSEDING INDICTMENT

At all times relevant to this Superseding Indictment:

### General Allegations

1.     Defendant MANPREET SINGH KOHLI ("KOHLI"), also known as "Mkay Saitama" or "mannythehitman", was a resident of the United Kingdom.

2.     Defendant NAM THANH TRAN ("TRAN"), also known as "Ntran1234", was a resident of Washington State.

3.     Defendant HAROON MOHSINI ("MOHSINI"), also known as "AaronSaitama" or "Elonmansur", was a resident of Texas.

4.     Russell Armand ("Armand"), also known as "Saitamaguru1", was a resident of Texas.

5.     Maxwell Hernandez ("Hernandez"), also known as "MaxEquation", was a resident of Massachusetts.

6.     Vy Pham ("Pham"), also known as "msvy_crypto", was a resident of California.

7.     Saitama LLC ("Saitama") was a cryptocurrency company that was incorporated in Massachusetts on or about August 24, 2021.

8.     Saitama promoted a cryptocurrency token that operated on the Ethereum blockchain (the "Saitama Token"). Saitama purported to create multiple products that could be used with the Saitama Token, including the SaitaMask cryptocurrency exchange, the SaitaMaker non-fungible token ("NFT") platform, the SaitaRealty real estate investment platform and the SaitaRealty cryptocurrency token, and SaitaMarket, among others. The Saitama Token was a security that at its peak had a market capitalization of $7.5 billion.

9.     KOHLI, TRAN, MOHSINI, Armand, and Hernandez were all leaders of the Saitama business and were featured as such on the company's website.

10.    ZM Quant Investment Ltd ("ZM Quant") was a company registered in the British Virgin Islands. ZM Quant operated both inside and outside the United States. ZM Quant had a public website ("www.zmquant.com") on which it purported to offer "market making" services for cryptocurrencies, such as the active monitoring of cryptocurrency trading and price

2

fluctuations, trading in cryptocurrencies to capitalize on price fluctuations, and related consulting services.

11.    Gotbit Consulting LLC ("Gotbit") was a company registered in Belize. Gotbit operated both inside and outside the United States. Gotbit had a public website ("https://gotbit.io/") on which it purported to offer "market making" services for cryptocurrencies, such as the active monitoring of cryptocurrency trading and price fluctuations, trading in cryptocurrencies to capitalize on price fluctuations, and related consulting services.

Background

12.    Virtual currency is a digital asset or digital representation of value that can be electronically traded and exchanged online. Virtual currency is not backed or insured by a central bank and its value may or may not be tied to or secured by a fixed asset. Cryptocurrency is a subset of virtual currency that utilizes blockchain technology.

13.    Title 31, United States Code, Section 5330, provides that "[a]ny person who owns or controls a money transmitting business shall register the business" with "the Secretary of the Treasury." In certain instances, a cryptocurrency exchange—which is an electronic forum that facilitates the purchase, sale, and exchange of cryptocurrencies—constitutes a "money transmitting business."

Overview of the Conspiracy and the Scheme to Defraud

14.    Beginning in or about June 2021 and continuing through at least in or about 2023, KOHLI, TRAN, MOHSINI, Armand, Hernandez, and Pham, conspired with others known and unknown to the Grand Jury to artificially inflate the price of Saitama Tokens through manipulative

3

trading, false and misleading statements, and the operation of an unlicensed cryptocurrency exchange, and to profit by selling Saitama Tokens.

Objects and Purpose of the Conspiracy and the Scheme to Defraud

15.    The objects of the conspiracy and of the scheme to defraud were (1) to commit market manipulation, (2) to conduct an unlicensed money transmitting business, and (3) to commit wire fraud. The principal purpose of the conspiracy and of the scheme to defraud was for the conspirators to enrich themselves through the sale of Saitama Tokens.

Manner and Means of the Conspiracy and the Scheme to Defraud

16.    Among the manner and means by which KOHLI, TRAN, MOHSINI, Armand, Hernandez, Pham, and others known and unknown to the Grand Jury carried out the conspiracy and scheme to defraud were the following:

 a.  Engaging in manipulative trading of Saitama Tokens to create actual or apparent trading volume, thereby inducing others to trade Saitama Tokens, and inflate the price of Saitama Tokens;

 b.  Soliciting investors to buy Saitama Tokens through the Saitama website as well as through online marketing and messaging applications such as Telegram, Twitter, Instagram, and YouTube;

 c.  Making and causing to be made materially false and misleading statements about Saitama, its products, and its financing;

 d.  Creating and operating an unlicensed money transmitting business that allowed users to buy and sell Saitama Tokens and other cryptocurrencies;

4

    e.   Selling Saitama Tokens for a profit, often while publicly denying that they were doing so; and

    f.   Moving Saitama's operations offshore to avoid disruption of the scheme by regulators and law enforcement authorities in the United States.

17.    In this form or fashion, KOHLI, TRAN, MOHSINI, Armand, and Hernandez generated millions of dollars in proceeds.

<u>Overt Acts in Furtherance of the Conspiracy and the Scheme to Defraud</u>

18.    On or about various dates between in or about June 2021 and in or about 2023, KOHLI, TRAN, MOHSINI, Armand, Hernandez, and Pham, together with others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy and the scheme to defraud.

*Market Manipulation*

19.    KOHLI, TRAN, MOHSINI, Armand, Hernandez, and Pham, coordinated a series of manipulative trades in Saitama Tokens, including through messages exchanged in a private Telegram chatroom named "Detective Saitama".

20.    For example, on or about July 3, 2021, at the following approximate times, the conspirators exchanged the following messages, among others:

    a.   At 1:47 p.m., Armand proposed creating a "TG [Telegram] shill group. Some bots some ppl but a lot of ppl will join".

    b.   At 1:48 p.m., Armand messaged, "We will create an illusion of massive buys and new holders as [Telegram] gets flooded" and "It'll incite ppl to buy more", to which MOHSINI replied, "Yep".

c. At 1:49 p.m., Armand messaged, "Basically creating our own pump through illusion and getting a few wallets out in the process".

d. At 2:07 p.m., KOHLI messaged, "I'm ready", and TRAN messaged, "Ready", to which MOHSINI responded by sending the following image:



e. At 2:13 p.m., Armand messaged, "2-3T per transaction not big chunks. W[e] want list of small buys to look like it's mor[e] buyers. That's the idea".

f. At 2:14 p.m., KOHLI sent the following image reflecting a proposed purchase of Saitama Tokens:



g. At 2:14 p.m., after sending the above image, KOHLI messaged, "U mean like this type of buying?" to which Armand responded, "Yea mix it up between 1–4 trillion", and KOHLI responded, "Got it".

6

h.  At 2:22 p.m., Armand messaged, "OK watch [Telegram] now", to which TRAN responded, "Okay ready", KHOLI responded, "Okay", Hernandez responded, "ok", MOHSINI responded, "Ok", and Pham responded, "ok".

i.  At 2:24 p.m., TRAN messaged, "Gooo" and Armand messaged, "Small buys", to which TRAN responded, "Did it", KOHLI responded, "Done", and Hernandez responded, "same".

j.  At 2:27 p.m., Armand messaged, "Is like fishing with dynamite", to which TRAN responded, "Lol", "Yea", and "It's actually fun".

k.  At 2:29 p.m., TRAN messaged, "Round 2 start now!", to which Hernandez responded, "bought a few times", and KOHLI responded, "Done second" and "Buying".

g.  At 3:01 p.m., Armand messaged, "Keep small buys coming have done 4-5 I think so far" and "Just small steady buys".

h.  At 4:19 p.m., Armand messaged, "If nothing else we did create hype and added holders", and later messaged, "Holders are increasing nicely and distribution is looking much better", "We will just have to coordinate our buys closely", and "the idea is to keep the chart trending upward to generate traction and stability. Will keep ppl from wanting to sell and will instead buy more".

21.   On or about July 4, 2021, at 2:30 p.m., Armand messaged, "Ladies and gentlemen that is how you start a hype. Perfectly executed well done all. Still have to keep small buys incoming [. . . .] Lots of ppl watching chart right now". TRAN later responded with the following image:

7

. 10



22.    Thereafter, beginning in or about 2021 and continuing through at least 2023, KOHLI, TRAN, MOHSINI, and Armand caused further manipulative trades in the Saitama Token, including by paying ZM Quant and Gotbit to buy and sell Saitama Tokens on multiple cryptocurrency exchanges, thereby artificially inflating the apparent trading volume of Saitama Tokens.

*False and Misleading Statements*

23.    KOHLI, TRAN, MOHSINI, Armand, and Hernandez and others known and unknown to the Grand Jury made false and misleading statements to induce investors to purchase Saitama Tokens and donate money to Saitama.

24.    For example, beginning in or about June 2021, KOHLI, TRAN, MOHSINI, Armand, and Hernandez solicited donations from Saitama Token holders, claiming the funds would be used to pay for expenses related to operating the Saitama business.

25.    KOHLI, TRAN, MOHSINI, Armand, and Hernandez thereafter used a portion of the donated funds for other purposes, including to purchase more Saitama Tokens, thereby bolstering the price of the security.

8

11

26.    Beginning in or about July 2021, KOHLI, TRAN, MOHSINI, Armand, and Hernandez manipulated DEXTools, a publicly available cryptocurrency research tool, so that the Saitama Token would be artificially ranked higher than other cryptocurrencies on the DEXTools website. To facilitate the manipulation, the conspirators used multiple cryptocurrency wallets, web-browsers, and virtual private networks to continuously access the DEXTools webpage and choose Saitama as a "favorite."

27.    KOHLI, TRAN, MOHSINI, Armand, and Hernandez thereafter promoted Saitama on Twitter by referencing Saitama's rating on DEXTools.

28.    Beginning in or about September 2021, KOHLI, TRAN, MOHSINI, Armand, and Hernandez promoted Saitama through its website, which contained materially false and misleading statements.

a.   For example, Saitama's website published the Saitama "whitepaper", an informational document describing Saitama's mission and business plan, which falsely advertised that the "whitepaper" had "been reviewed by regulators". In fact, the whitepaper had not been reviewed by regulators.

b.   As another example, Saitama's website falsely advertised that the Saitama Token was "coded in a way that prevents big wallet holders (whales) from trying to manipulate the price in their favour or from dumping the token by selling out." In fact, there was no coding that prevented manipulation or large-scale sales of the Saitama Token.

29.    Beginning in or about September 2021, the conspirators also falsely claimed that they were buying Saitama Tokens and not selling their Saitama Tokens.

9

a.  For example, Armand falsely claimed in interviews on YouTube and in Twitter posts that he had not sold any Saitama Tokens.

b.  Likewise, TRAN falsely posted on Twitter "I am buying more", "I said HOLD", and "HODL and you will never regret".

c.  In fact, TRAN and Armand profited by selling a substantial number of the Saitama Tokens that they controlled at or about the same time they claimed otherwise.

*Creation and Operation of an Unlicensed Money Transmitting Business*

30.     KOHLI, TRAN, MOHSINI, Armand, and Hernandez promoted a cryptocurrency exchange on the Saitama website as well as on various social media platforms, including YouTube and Twitter, and conducted the exchange as a money transmitting business without complying with the registration requirements of Title 31, United States Code, Section 5330, and regulations prescribed thereunder.

31.     For example, starting in or about August 2021, the Saitama website advertised that Saitama had created a cryptocurrency exchange that would be "a one stop shop where you can connect your payment system of choice and be able to buy, sell, swap, transfer and do whatever you need with any coin."

32.     On or about January 18, 2022, the Saitama website advertised that the cryptocurrency exchange was available to the public, and beginning on or about that same date, the cryptocurrency exchange allowed users to exchange Saitama Tokens with other cryptocurrencies.

10

*Efforts to Avoid U.S. Regulators and Law Enforcement*

33.     KOHLI, TRAN, MOHSINI, Armand, and Hernandez took steps to avoid the legal consequences of their actions by hiding the proceeds of their sales of Saitama Tokens and relocating their operations overseas.

34.     For example, KOHLI, TRAN, MOHSINI, Armand, and Hernandez did not report the proceeds from this scheme to the Internal Revenue Service.

35.     As another example, on or about February 14, 2022, KOHLI, TRAN, MOHSINI, Armand, and Hernandez discussed moving Saitama's operations outside the United States in a private Telegram chatroom named "Saitama Dev Team". KOHLI stated that "US is easiest to get in trouble lol" and that moving forward Saitama needed to "avoid US".

36.     On or about April 8, 2022, ARMAND sent a WhatsApp message to Hernandez stating that because of "potential lawsuits that will follow if this goes sideways" Armand "[w]ill have to relocate to another country", to which Hernandez responded, "[t]hat is putting it lightly".

37.     On or about April 20, 2022, Hernandez sent a WhatsApp message to Armand stating that he was considering removing himself from the Saitama leadership to avoid being part of Saitama "when the sec [Securities & Exchange Commission] shows up".

38.     On or about July 1, 2022, after Saitama filed a Notice of Cancellation of its incorporation with the Massachusetts Secretary of State, Saitama announced via Twitter that it would "migrate operations to Dubai, UAE".

## COUNT ONE
### Conspiracy to Commit Market Manipulation, to Conduct an Unlicensed Money Transmission Business, and to Commit Wire Fraud
### (18 U.S.C. § 371)

The Grand Jury charges:

39.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 38 of this Superseding Indictment.

40.     From at least in or about June 2021 to at least in or about 2023, in the District of Massachusetts and elsewhere, the defendants,

> (1) MANPREET KOHLI, a/k/a "Mkay Saitama" or "mannythehitman",
> (2) NAM TRAN, a/k/a "Ntran1234",
> (3) HAROON MOHSINI, a/k/a "AaronSaitama" or "Elonmansur",

conspired with Russell Armand, a/k/a "Saitamaguru1", Maxwell Hernandez, a/k/a "MaxEquation", Pham a/k/a "msvy_crypto", and others known and unknown to the Grand Jury to:

a. commit market manipulation, that is, knowingly and willfully, by the use of the mails and any means and instrumentality of interstate commerce, directly and indirectly to effect a series of transactions in a security not registered on a national exchange, to wit, the Saitama Token, creating actual and apparent active trading in such security, and raising and depressing the price of such security, for the purpose of inducing the purchase and sale of such security by others, in violation of Title 15, United States Code, Sections 78i(a)(2) and 78ff(a).

b. conduct an unlicensed money transmitting business, that is, knowingly to conduct, control, manage, supervise, direct, and own all and part of business, knowing the business is an unlicensed money transmitting business affecting interstate and foreign

commerce, that failed to comply with the registration requirements under Title 31, United States Code, Section 5330 and regulations prescribed thereunder, in violation of Title 18, United States Code, Section 1960(a) and (b)(1)(B).

c.   commit wire fraud, that is, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, to transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures and sounds, for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 371.

13

## COUNT TWO
### Market Manipulation
### (15 U.S.C. §§ 78i(a)(2) and 78ff(a))

The Grand Jury charges:

41.    The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 38 of this Superseding Indictment.

42.    On or about July 3, 2021, in the District of Massachusetts and elsewhere, the defendant,

(1) MANPREET KOHLI, a/k/a "Mkay Saitama" or "mannythehitman",

did knowingly and willfully, by the use of the mails and any means and instrumentality of interstate commerce, directly and indirectly effect a series of transactions in a security not registered on a national exchange, to wit, the Saitama Token, creating actual and apparent active trading in such security, and raising and depressing the price of such security, for the purpose of inducing the purchase and sale of such security by others.

All in violation of Title 15, United States Code, Sections 78i(a)(2) and 78ff(a).

<u>COUNT THREE</u>
Market Manipulation
(15 U.S.C. §§ 78i(a)(2) and 78ff(a))

The Grand Jury charges:

43.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 38 of this Superseding Indictment.

44.     On or about July 3, 2021, in the District of Massachusetts and elsewhere, the defendant,

(2) NAM TRAN, a/k/a "Ntran1234",

did knowingly and willfully, by the use of the mails and any means and instrumentality of interstate commerce, directly and indirectly effect a series of transactions in a security not registered on a national exchange, to wit, the Saitama Token, creating actual and apparent active trading in such security, and raising and depressing the price of such security, for the purpose of inducing the purchase and sale of such security by others.

All in violation of Title 15, United States Code, Sections 78i(a)(2) and 78ff(a).

15

<u>COUNT FOUR</u>
Market Manipulation
(15 U.S.C. §§ 78i(a)(2) and 78ff(a))

The Grand Jury charges:

45.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 38 of this Superseding Indictment.

46.     On or about July 3, 2021, in the District of Massachusetts and elsewhere, the defendant,

(3) HAROON MOHSINI, a/k/a "AaronSaitama" or "Elonmansur",

did knowingly and willfully, by the use of the mails and any means and instrumentality of interstate commerce, directly and indirectly effect a series of transactions in a security not registered on a national exchange, to wit, the Saitama Token, creating actual and apparent active trading in such security, and raising and depressing the price of such security, for the purpose of inducing the purchase and sale of such security by others.

All in violation of Title 15, United States Code, Sections 78i(a)(2) and 78ff(a).

16

.

## COUNTS FIVE – SEVEN
### Wire Fraud
### (18 U.S.C. § 1343)

The Grand Jury charges:

47.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 38 of this Superseding Indictment.

48.     One or about the following approximate dates, in the District of Massachusetts and elsewhere, the defendants,

> (1) MANPREET KOHLI, a/k/a "Mkay Saitama" or "mannythehitman",
> (2) NAM TRAN, a/k/a "Ntran1234", and
> (3) HAROON MOHSINI, a/k/a "AaronSaitama" or "Elonmansur",

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Charged Defendant | Approximate Date | Description |
|---|---|---|---|
| 5 | (3) HAROON MOHSINI, a/k/a "AaronSaitama" or "Elonmansur" | July 3, 2021 | Electronic message from MOHSINI, located outside Massachusetts, to Hernandez, located inside Massachusetts, and to others, stating: "Pump it up". |
| 6 | (2) NAM TRAN, a/k/a "Ntran1234" | October 25, 2021 | Electronic message from TRAN, located outside Massachusetts, to Hernandez, located inside Massachusetts, and to others, stating: "HODL and you will never regret!" |

17

| Count | Charged Defendant | Approximate Date | Description |
|-------|-------------------|------------------|-------------|
| 7 | (1) MANPREET KOHLI, a/k/a "Mkay Saitama" or "mannythehitman" | February 14, 2022 | Electronic message from KOHLI, located outside Massachusetts, to Hernandez, located inside Massachusetts, and to others, stating: "US is easiest to get in trouble lol". |

All in violation of Title 18, United State Code, Section 1343.

18

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

49.    Upon conviction of one of more of the offenses in violation of Title 18, United States Code, Section 371, relating to conspiracy to commit wire fraud and market manipulation, Title 18, United States Code, Section 1343, relating to wire fraud, and Title 15, United States Code, Sections 78i(a)(2) and 78ff(a), relating to market manipulation, as set forth in Counts One through Seven, the defendants,

(1) MANPREET KOHLI, a/k/a "Mkay Saitama" or "mannythehitman",
(2) NAM TRAN, a/k/a "Ntran1234", and
(3) HAROON MOHSINI, a/k/a "AaronSaitama" or "Elonmansur",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

50.    If any of the property described in Paragraph 49, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant,

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the Court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 49 above.

19

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

20

### UNLICENSED MONEY TRANSMITTING BUSINESS FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

51.     Upon conviction of the offense in violation of Title 18, United States Code, Section

371, relating to conspiracy to conduct an unlicensed money transmitting business, set forth in

Count One, the defendants,

> (1) MANPREET KOHLI, a/k/a "Mkay Saitama" or "mannythehitman",
> (2) NAM TRAN, a/k/a "Ntran1234", and
> (3) HAROON MOHSINI, a/k/a "AaronSaitama" or "Elonmansur",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any

property, real or personal, involved in such offense, and any property traceable to such property.

52.     If any of the property described in Paragraph 51, above, as being forfeitable

pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of

the defendant,

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third party;
>
> c.  has been placed beyond the jurisdiction of the Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 51 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

**Original Signature on File**

FOREPERSON

_____
CHRISTOPHER J. MARKHAM
DAVID M. HOLCOMB
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: September 19, 2024
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK     9-19-24
                 3:09 pm

22

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   24-cr-10189-AK |
| Haroon Mohsini | ) | |
| a/k/a "AaronSaitama"; "Elonmansur" | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

        **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Haroon Mohsini a/k/a "AaronSaitama"; "Elonmansur"                                   .
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment       ☑ Superseding Indictment       ☐ Information       ☐ Superseding Information       ☐ Complaint
☐ Probation Violation Petition       ☐ Supervised Release Violation Petition       ☐ Violation Notice       ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 371 - Conspiracy to Commit Market Manipulation, Conduct an Unlicensed Money Transmitting Business, and
Commit Wire Fraud

15 U.S.C. §§ 78i(a)(2) and 78ff(a) - Market Manipulation

18 U.S.C. § 1343 - Wire Fraud

Date:  *Sept 19, 2024*

                                                        *Issuing officer's signature*

City and state:      Boston, Massachusetts                Hon. David H. Hennessy, U.S. Magistrate Judge
                                                                *Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date:  10/7/24                                        *Arresting officer's signature*   |
|                                        Steven Dillon, Special Agent   |
|                                                *Printed name and title* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 24-cr-10189-AK |
| (1) MANPREET KOHLI, a/k/a "Mkay Saitama" or "mannythehitman", | **UNDER SEAL** |
| (2) NAM TRAN, a/k/a "Ntran1234", and | |
| (3) HAROON MOHSINI, a/k/a "AaronSaitama" or "Elonmansur", | |
| Defendants | |

## ORDER

KELLEY, D.J.

The government has moved for a partial unsealing of the Indictment as to defendant Haroon Mohsini for the limited purpose of providing Mohsini and his attorney a copy of the Indictment at Mohsini's initial appearance in the Southern District of Texas. The Court hereby grants the motion such that the Indictment will not be placed on the public docket based on the government's representation that public disclosure of these materials at this time might jeopardize ongoing arrests of defendants in related cases.

/s/ Angel Kelley
_____
HON. ANGEL KELLEY
United States District Judge

Dated: October 7, 2024

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | Case No. 4:24−mj−00444 *SEALED* |
| | § | |
| Haroon Mohsini | § | |

## ORDER APPOINTING COUNSEL FOR LIMITED PURPOSE

Because the Defendant, Haroon Mohsini, has satisfied this court that (s)he is financially unable to employ counsel for initial appearance only and does not wish to waive counsel, and because the interests of justice so require, an attorney is hereby **APPOINTED** to represent Defendant in the above designated case for the **limited purpose of any hearing conducted in Houston, Texas**, and shall have no effect once the Defendant is transferred to the original court in the Massachusetts District Court, Boston Division. Once transferred, the original court must make a new determination on whether the Defendant satisfies the requirements for appointed counsel based on the information available to the court at that time.

### Attorney appointed: Federal Public Defender

The appointment **SHALL** remain in effect until Defendant is transferred to the original jurisdiction and this case is terminated in the Southern District of Texas.

Signed on October 7, 2024.

Andrew Edison
United States Magistrate Judge

United States District Court
Southern District of Texas
**ENTERED**
October 07, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | Case No. 4:24−mj−00444 *SEALED* |
| | § | |
| Haroon Mohsini | § | |

**ORDER**

   In accordance with Federal Rule of Criminal Procedure 5(f), as amended by the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020), the Government is **ORDERED** to comply with the prosecutor's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The Government is also notified of the potential consequences of violating this Order and the disclosure obligations. The consequences include, but are not limited to, sanctions such as delaying trial or other proceedings, excluding evidence, giving adverse jury instructions, granting a new trial, dismissing the case, or finding the Government in contempt.

   It is so **ORDERED**.

   **SIGNED** on October 7, 2024.


Andrew Edison
United States Magistrate Judge

MOHSINI,  Haroon

# CONFIDENTIALITY OF PRETRIAL SERVICES

# REPORTS AND INFORMATION

Title 18, United States Code, Section 3153(c)(1) restricts the uses of information and reports on Pretrial Services. **Information and reports are to be used only for the purposes of a bail determination and shall otherwise be confidential.**

Pretrial Services bail reports and detention reports are not to be made accessible to the public, to agents, to the media or to others, and are furnished to counsel for the defendant and the government exclusively for the bail hearing. **If for any reason the report[s] is ordered placed in evidence, it should be under seal.**

As mandated by Section 3153(c)(2), the Director of the Administrative Office of the U.S. Courts has issued **Confidentiality Regulations** (see Guide to Judiciary Policies and Procedures, Pretrial Services Manual, June 10, 1985). The introduction to the Regulations and the Regulations themselves caution that even where written findings are required in detention orders (see Section 3142i), the Pretrial Services report--from which the Court's findings may be drawn--is not to be made part of the public record. Similarly, the Pretrial Services Officer is not to be routinely called upon to testify for the Government or for the defense.

**(Copies of the Confidentiality Regulations have been provided to the Court and will be made available to counsel upon request.)**

MOHSINI, Haroon

PS3
8/20/24

## PRETRIAL REPORT

*According to Judiciary Policy, several factors fall solely within the province of the judicial officer and are not to be considered by the officer. These factors include: the weight of the evidence, the rebuttable presumption, and potential penalty.*

| District/Office **SOUTHERN DISTRICT OF TEXAS-HOUSTON** | Charge(s) (Title, Section, and Description) |
|---|---|
| Judicial Officer United States Magistrate Judge Andrew M. Edison | 18 U.S.C. § 371 Conspiracy to Commit Market Manipulation, Conduct an Unlicensed Money Transmitting Business, and Commit Wire Fraud |
| Docket Number (Year-Sequence No.-Deft. No.) **4:24-mj-444-1 District of Massachusetts** | 15 U.S.C. § 78i(a)(2) and 78ff(a) Market Manipulation  18 U.S.C. § 1343 Wire Fraud |

## DEFENDANT

| Name **MOHSINI,  Haroon** | | Employer Refurbish furniture | |
|---|---|---|---|
| Address:   24354 Piazza Drive Richmond, Texas  77406 | | Employer Address N/A | |
| Time at Address 8 years | Time in Community 8 years | Monthly Income unknow | Time Unemployed N/A |

The defendant is scheduled to appear before U.S. Magistrate Judge Andrew M. Edison for an Initial Appearance on October 7, 2024.  The defendant was interviewed at the U.S. Marshals without the presence of an attorney.

## DEFENDANT HISTORY

**1. DEFENDANT HISTORY/RESIDENCE/FAMILY TIES:**

Haroon Mohsini, 37, was born in Kabul, Afghanistan. The defendant indicated he and his family relocated to Pakistan as refugees when he was a child and they eventually immigrated to the United States (U.S.) seeking asylum. He purported he arrived in Houston, Texas in 2003 and became a Naturalized U.S. Citizen in 2007 or 2008.  **An inquiry regarding the defendant's immigration status is pending with I.C.E.** The defendant's parents and his two sisters share a home in Richmond, Texas. He has two brothers one who reside in Michigan and another in California. The defendant advised he does not speak to his brothers, but he maintains a good relationship with his parents and sisters.

1

MOHSINI, Haroon

For the past eight years, the defendant has resided at the address noted above with his ex-wife and stepson. He indicated the home is mortgaged to his sister, Shahla Mohsini, but he pays the mortgage and utilities. He noted the home is not in his name because he had poor credit at the time. If granted bond, he plans to return to his residence. **According to the Ft. Bend County Appraisal District, the property owner is Shahla Mohsina** He reported there are no firearms at the residence, and he indicated he does not own any firearms.

The defendant acknowledged a marriage to Amy Abada that end in 2003. Although they are divorced, the two continue to cohabitate and maintain a peaceful relationship. The defendant does not have any children together; however, he acknowledged a s a 20-year-old autistic stepson who resides in the home with them. The defendant graduated from high school in Houston in 2006. Subsequently he obtained a bachelor's degree from the University of Houston in 2011. He did not report any other education or vocational training.

**The defendant admitted he possess a U.S. Passport and he is willing to surrender it if court ordered**. He reported travel to Dubai, Turkey, United Kingdom, and Vietnam between 2021 and 2023 for employment purposes. The defendant also advised he is fluent in English, Farsi, and Urdu.

**The defendant was unwilling to provide contact phone numbers for his parents or his sisters who reside in the Houston are.  The defendant's ex-wife, Amy Abad, corroborated his personal information. She confirmed there are  no weapons in the home and confirmed the defendant can continue to reside there if granted bond.**

## 2.  EMPLOYMENT HISTORY / FINANCIAL RESOURCES:

The defendant reported employment history with Saitama, as a "marketing volunteer", from 2021-2023. employer is directly related to the instant offense. He also reported employed history with NOV Inc. from 2011 until 2013. Currently, he purported to be self-employed refurbishing furniture and selling it on Facebook Marketplace, earning $4,000-$5,000 monthly. The defendant purported he recently borrowed $20,000 from his sister, Shahla Mohsini,, to start a home healthcare business, but he has not started the business yet. **The defendant noted his home, vehicle and student loan payments are currently deferred due to a financial hardship.**

**FINANCES**: The defendant reported the following financial assets and liabilities:

| ASSETS | VALUE |
|---|---|
| 2022 Lexus GX460 | $50,000 |
| 2021 Toyota Tundra | $40,000 |
| Wells Fargo Checking acct | $300 |
| Bank of America Savings acct | $17,000 |

| LIABILITY | MONTHLY PAYMENT | BALANCE/PAID IN FULL |
|---|---|---|
| Mortgage | $3,000 | Unknown |
| Groceries | $500 | |
| Medical prescriptions | $300 | |
| Utilities | $450 | |

2

MOHSINI, Haroon

| Discover Credit Cards | $Deferred 0 | $550 |
|---|---|---|
| 2022 Lexus GX460 | $800 | $25,000 |
| 2021 Toyota Tundra | $900 | $25,000 |
| Auto Insurance | $400 | |
| Cellphone | $300 | |
| Personal Loan | Full amount due to sister in December 2024 | $20,000 |
| Student Loans | $0 | Unknown |

**The defendant's ex-wife, Amy Abad corroborated his financial information. She indicated the defendant is unemployed and he just started refurbishing furniture with her son. She reported the profits from the business have been minimal ($150). She indicated the defendant has borrowed money from his mother and sister to help with finances. She reported he has approximately $1,000 in a bank account.**

3. **HEALTH:**

   **Physical Health/Mental:**

   The defendant advised he was diagnosed with attention deficit hyperactivity disorder (ADHD) in 2006. He takes Adderall and advised he has appointments with his psychiatrist every 2-3 months.

   **Substance Abuse:**

   The defendant denied any history of illicit drug use or alcohol abuse.

   **The defendant's health information was corroborated by his ex-wife.**

4. **PRIOR RECORD:** Federal, state, and local criminal record checks conducted through the National Crime Information Center (NCIC) and Texas Crime Information Center (TCIC) revealed no criminal history.

5. **ASSESSMENT OF NON-APPEARANCE:**

   1. Citizenship status is unknown, an inquiry is pending with ICE.
   2. The defendant is in possession of a U.S. Passport.
   3. Finance and available cash remain uncorroborated.
   4. Lack of employment.

6. **ASSESSMENT OF DANGER:**

   1. The nature of the offense charged poses a significant economic danger.

MOHSINI, Haroon

**7. RECOMMENDATION:**

The U.S. Probation Office respectfully recommends the defendant be held in detention since there is no condition or combination of conditions that can reasonably assure the defendant's appearance before this Court and/or the safety of the community.

- **$75,000 Unsecured Bond co-signed by Shahla Mohsini**
1. Pretrial Services Supervision.
2. Maintain or actively seek full-time verifiable employment and provide proof of earnings to the U.S. Probation Office. You are prohibited from access to any sensitive identifying information.
3. Surrender passport within **PRIOR to RELEASE** and obtain no other passport.
4. Travel restricted to the **Southern District of Texas and District of Massachusetts** for court related matters.
5. Avoid all contact with any co-defendant(s), witnesses, victims, or potential victims, **specifically, Man Preet, Kohli, and Nam Tran.**
6. **The defendant is prohibited from opening any new bank accounts, or from acquiring any new debt or lines of credit without the approval of the U.S. Probation Office.**
7. Report any contact with law enforcement within 72 hours.

| United States Probation Officer:<br>Crista Orphé | Phone Number:<br>832-963-6276 | Date<br>10/7/2024 |
|---|---|---|
| Supervising United States Probation Officer<br>Cynthia N. Moreno | | Date<br>October 07, 2024, at 2:41 pm |

4

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the

_____Southern_____ District of _____Texas_____

United States of America )
v. )
)
**Haroon Moshini** ) Case No. **4:24-mj·444**
_____ )
_____Defendant_____ )

## APPEARANCE BOND

### Defendant's Agreement

I, _____ *(defendant)*, agree to follow every order of this court, or any
court that considers this case, and I further agree that this bond may be forfeited if I fail:

( ⊠ ) to appear for court proceedings;
( ⊠ ) if convicted, to surrender to serve a sentence that the court may impose; or
( ⊠ ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( ☐ ) (1)  This is a personal recognizance bond.

( ⊠ ) (2)  This is an unsecured bond of $ ___**75,000**___ . **Must be co-signed by Shohla Mohsini**

( ☐ ) (3)  This is a secured bond of $ _____ , secured by:

( ☐ )  (a) $ _____ , in cash deposited with the court.

( ☐ )  (b) the agreement of the defendant and each surety to forfeit the following cash or other property
*(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of
ownership and value)*:

_____ .

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

( ☐ )  (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

_____
_____
_____ .

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.*  This appearance bond may be forfeited if the defendant does not comply with the above
agreement.  The court may immediately order the amount of the bond surrendered to the United States, including the
security for the bond, if the defendant does not comply with the agreement.  At the request of the United States, the court
may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including
interest and costs.

Page 2

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

### Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C.§ 1746.)

Date: _10-7-24_                                          
                                                        *Defendant's signature*

_____        _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

_____        _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

_____        _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

*CLERK OF COURT*

Date: _10/07/2024_                     _____
                                           *Signature of Clerk or Deputy Clerk*

Approved.

Date: _10/07/2024_                     _____
                                               *Judge's signature*

United States District Court
Southern District of Texas
**ENTERED**
October 18, 2024
Nathan Ochsner, Clerk

(Rev. 12/08)

UNITED STATES DISTRICT COURT                          SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA                    §
                                            §
                                            §
vs.                                         §        CRIMINAL NO. 4:24-cj-444
                                            §
   Haroon Moshini                           §
                                            §
                                            §

# ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions:

1.  The defendant must not violate any federal, state or local law while on release.

2.  The defendant must not intimidate or attempt to intimidate a witness, juror or officer of the court (18 USC § 1503), obstruct a criminal investigation (18 USC § 1510), or tamper with or retaliate against a witness, victim or informant (18 USC §§ 1512 and 1513).

3.  The defendant must immediately advise the Court, defense counsel and the Pretrial Services Agency, in writing, before any change in address and telephone number.

4.  The defendant must appear in court as required and must surrender to serve any sentence imposed. The defendant must appear at (if blank, to be notified):

    _____ on _____
                   Place                                   Date/Time

### RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

IT IS FURTHER ORDERED that the defendant be released on condition that:

 5. The defendant promises to appear in court as required and surrender to serve any sentence imposed.

☒ 6. The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $ _75,000_ in the event of a failure to appear as required or to surrender to serve any sentence imposed.

☒ The bond shall be signed by the following person(s) as surety:


Shahla Moshini

# Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance  and the safety of other persons or the community, it FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

[  ]        7.       The defendant is placed in the custody of:

_Shahla mohsini_____
(Name of person or organization)

_____
(Address)

_____
(City/State/Zip Code)                                              (Area Code/Telephone Number)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any conditions of release or disappears.

Signed:_____
                              Custodian or Proxy                                      Date

[X]        8.       The defendant must:

   [X]              a.       Report to the **U. S. Pretrial Services Agency - Phone: 713-250-5218**, on a regular basis.

   [  ]              b.       Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

_____
_____

   [  ]              c.       Post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum

_____.

   [  ]              d.       Execute a bail bond with solvent sureties in the amount of $ _____.

   [X]              e.       Maintain or actively seek employment. *full-time verifiable* *No access to any sensitive identifying information*

   [  ]              f.       Maintain or commence an education program.

   [X]              g.       Surrender U.S. Passport and/or Foreign Passport to the U.S. Pretrial Services Agency. *w/in 24 hours*

   [X]              h.       Obtain no passport.

2

40

X        i.      Abide by the following restrictions on personal association, place of abode, or travel:

               [ ]        Harris and the bordering counties:

               [ ]        Continental United States; or

               X        *Southern District of TX and can travel to Mass. per Court proceedings/atty visits*

               [ ]        Outside travel allowed with preapproval from PTS.

X        j.      Avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:

      ~~Co-defendants~~ *Man Preet* _____

               *Kohli* _____

               *Nam Tran* _____ .

[ ]        k.      Undergo medical or psychiatric treatment or remain in an institution as follows:

      _____

      _____    _____

[ ]        l.      Return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s):

      _____

      _____

      _____

[ ]        m.      Maintain residence at a halfway house or community corrections center, as the Pretrial Services Office or supervising officer considers necessary.

[ ]        n.      Refrain from possessing a firearm, destructive device, or other dangerous weapons.

[ ]        o.      Refrain from ( ) any   ( ) excessive use of alcohol.

[ ]        p.      Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

[ ]        q.      Submit to any testing required by the Pretrial Services Office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

[ ]        r.      Participate in a program of inpatient or outpatient substance abuse therapy and counseling if the Pretrial Services Office or supervising officer considers it advisable.

41

[ ]      s.     Participate in one of the following location monitoring program components and abide by its requirement as the Pretrial Services Office or supervising officer instructs.

           [ ]     (i)    **Curfew**.  You are restricted to your residence every day  (    ) from _____ to _____, or  (   ) as directed by the Pretrial Services Office or supervising officer; or

           [ ]     (ii)   **Home Detention.**  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Pretrial Services Office or supervising officer; or

           [ ]     (iii)  **Home Incarceration.**  You are restricted to your residence at all times except for medical needs or treatment, and court appearances pre-approved by the Pretrial Services Office or supervising officer.

           [ ]     (iv)  **Stand Alone Monitoring.**  You have no redidential curfew, home detention, or home incarceration restrictions.  However, you must comply with the location or travel restrictions as imposed by the court.
**Note:**  Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

[ ]      t.     Submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the Pretrial Services Office or supervising officer related to the proper operation of the technology.

           [ ]     The defendant must pay all or part of the cost of the program based upon your ability to pay as the Pretrial Services Office or supervising officer determines.

           [ ]     (i)    Location monitoring technology as directed by the Pretrial Services Office or supervising officer;

           [ ]     (ii)   Radio Frequency (RF) monitoring;

           [ ]     (iii)  Passive Global Positioning Satellite (GPS) monitoring;

           [ ]     (iv)  Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);

           [ ]     (v)   Voice Recognition monitoring.

[X]     u.     Immediately report contact with law enforcement to Pretrial Services.

[X]     v.     Special Conditions:

Δ is prohibited from using any new bank accounts, or from aquiring any new debt or lines of credit w/out prior approval of pretrial services

4

# Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC § 3148, and a prosecution for contempt as provided in 18 USC § 401 which could result in a possible term of imprisonment or fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony, or to a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself. 18 USC § 3147.

18 USC § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC § 1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 USC § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sending, surrender for the service of a sentence, or appeal or certiorari after conviction for:

[  ]      1.    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

[  ]      2.    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

[  ]      3.    any other felony, the defendant shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

[  ]      4.    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

5

# Acknowledgment of Defendant

I acknowledge that I am the defendant in this case, and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.



Signature of Defendant

Telephone Number

# Direction to United States Marshal

[ ]    The defendant is ORDERED released after processing.

[ ]    The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 10/07/2024

_____
Andrew M. Edison
United States Magistrate Judge

(Rev. 12/08)

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA                        §
                                                §
                                                §
vs.                                             §    CRIMINAL NO. _4:24-cj-944_
                                                §
_Haroon Moshini_                                §
                                                §

# ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to the following conditions:

1.  The defendant must not violate any federal, state or local law while on release.

2.  The defendant must not intimidate or attempt to intimidate a witness, juror or officer of the court (18 USC § 1503), obstruct a criminal investigation (18 USC § 1510), or tamper with or retaliate against a witness, victim or informant (18 USC §§ 1512 and 1513).

3.  The defendant must immediately advise the Court, defense counsel and the Pretrial Services Agency, in writing, before any change in address and telephone number.

4.  The defendant must appear in court as required and must surrender to serve any sentence imposed. The defendant must appear at (if blank, to be notified):

_____ on _____
            Place                                  Date/Time

### RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

IT IS FURTHER ORDERED that the defendant be released on condition that:

 5.  The defendant promises to appear in court as required and surrender to serve any sentence imposed.

 6.  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $ _75,000_ in the event of a failure to appear as required or to surrender to serve any sentence imposed.

 The bond shall be signed by the following person(s) as surety:



_Shahla Moshini_

# Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance   and the safety of other persons or the community, it FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

[  ]         7.      The defendant is placed in the custody of:

_____Shakila mohsini_____
(Name of person or organization)

_____
(Address)

_____
(City/State/Zip Code)                                          (Area Code/Telephone Number)

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any conditions of release or disappears.

Signed:_____
                        Custodian or Proxy                                    Date

[X]        8.      The defendant must:

        [X]          a.      Report to the **U. S. Pretrial Services Agency - Phone: 713-250-5218**, on a regular basis.

        [  ]          b.      Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:

_____
_____

        [  ]          c.      Post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum

_____.

        [  ]          d.      Execute a bail bond with solvent sureties in the amount of $ _____.

        [X]          e.      Maintain or actively seek employment. *full-time verifiable* *No access to any sensitive identifying information*

        [  ]          f.      Maintain or commence an education program.

        [X]          g.      Surrender U.S. Passport and/or Foreign Passport to the U.S. Pretrial Services Agency. *w/in 24 hours*

        [X]          h.      Obtain no passport.

2

46

    ☒       i.      Abide by the following restrictions on personal association, place of abode, or travel:

          [ ]       Harris and the bordering counties:

          [ ]       Continental United States; or

          ☒       *Southern District of TX and can travel to Mass. Per*

          [ ]       Outside travel allowed with preapproval from PTS. *Court proceedings/atty visits*

    ☒       j.      Avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:

~~Co-defendants~~ *Man Preet*

*Kohli*

*Nam Tran* .

[ ]       k.      Undergo medical or psychiatric treatment or remain in an institution as follows:

_____

_____ _____

[ ]       l.      Return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s):

_____

_____

_____

[ ]       m.     Maintain residence at a halfway house or community corrections center, as the Pretrial Services Office or supervising officer considers necessary.

[ ]       n.      Refrain from possessing a firearm, destructive device, or other dangerous weapons.

[ ]       o.      Refrain from ( ) any   ( ) excessive use of alcohol.

[ ]       p.      Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

[ ]       q.      Submit to any testing required by the Pretrial Services Office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.

[ ]       r.      Participate in a program of inpatient or outpatient substance abuse therapy and counseling if the Pretrial Services Office or supervising officer considers it advisable.

[ ]        s.    Participate in one of the following location monitoring program components and abide by its requirement as the Pretrial Services Office or supervising officer instructs.

        [ ]        (i)    **Curfew**.  You are restricted to your residence every day  (    ) from _____ to _____, or   (   ) as directed by the Pretrial Services Office or supervising officer; or

        [ ]        (ii)    **Home Detention.**  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Pretrial Services Office or supervising officer; or

        [ ]        (iii)    **Home Incarceration.**  You are restricted to your residence at all times except for medical needs or treatment, and court appearances pre-approved by the Pretrial Services Office or supervising officer.

        [ ]        (iv)    **Stand Alone Monitoring.**  You have no redidential curfew, home detention, or home incarceration restrictions.  However, you must comply with the location or travel restrictions as imposed by the court.
**Note:**  Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

[ ]        t.    Submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the Pretrial Services Office or supervising officer related to the proper operation of the technology.

        [ ]    The defendant must pay all or part of the cost of the program based upon your ability to pay as the Pretrial Services Office or supervising officer determines.

        [ ]        (i)    Location monitoring technology as directed by the Pretrial Services Office or supervising officer;

        [ ]        (ii)    Radio Frequency (RF) monitoring;

        [ ]        (iii)    Passive Global Positioning Satellite (GPS) monitoring;

        [ ]        (iv)    Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);

        [ ]        (v)    Voice Recognition monitoring.

[X]        u.    Immediately report contact with law enforcement to Pretrial Services.

[X]        v.    Special Conditions:

Δ is prohibited from using any new bank accounts, or from acquiring any new debt or lines of credit w/out prior approval of pretrial services

4

# Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 USC § 3148, and a prosecution for contempt as provided in 18 USC § 401 which could result in a possible term of imprisonment or fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony, or to a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself. 18 USC § 3147.

18 USC § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 USC § 1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 USC § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 USC § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 USC § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sending, surrender for the service of a sentence, or appeal or certiorari after conviction for:

[  ]        1.    an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

[  ]        2.    an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

[  ]        3.    any other felony, the defendant shall be fined not more than $250,000 or imprisoned for not more than two years, or both;

[  ]        4.    a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

49

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case, and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

24354 Piazza dr
_____
Address

Richmond Tx  77406
_____
City/State/Zip Code

832-314-6341
_____
Telephone Number

## Direction to United States Marshal

[  ]    The defendant is ORDERED released after processing.

[  ]    The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 10/07/2024
_____

_____
Andrew M. Edison
United States Magistrate Judge

6